UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

| | |
|---|---|
| LONNIE L. PARKER, JR., # 200008, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:16-cv-450 |
| v. | ) |
| | ) Honorable Robert J. Jonker |
| SIMON VASQUEZ, et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. This lawsuit arises out of conditions of plaintiff's confinement at the Oaks Correctional Facility. Plaintiff named Food Service Supervisor Simon Vasquez and Corrections Officer Mitchell Gainer as defendants. Plaintiff alleges that defendants retaliated against him in violation of his First Amendment rights. He alleges that Food Service Supervisor Vasquez retaliated against him by recommending that his work assignment be terminated. He alleges that Officer Gainer retaliated against him by filing a misconduct charge against him for disobeying a direct order. Plaintiff alleges that the defendants conspired to have his work assignment terminated. He seeks an award of damages.

The matter is before the Court on Mr. Vasquez's motion for summary judgment (ECF No. 77) and Officer Gainer's corrected motion for summary judgment (ECF No. 82). Plaintiff has filed his response. (ECF No. 94-99). For the reason set forth herein,

I recommend that the Court grant defendants' motions for summary judgment and enter a judgment in defendants' favor on all plaintiff's claims.

## Applicable Standards

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Rocheleau v. Elder Living Const., LLC*, 814 F.3d 398, 400 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *France v. Lucas*, 836 F.3d 612, 624 (6th Cir. 2016).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the

burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. *See Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012); *see also Scadden v. Warner*, 677 F. App'x 996, 1001 (6th Cir. 2017). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Brown v. Battle Creek Police Dep't*, 844 F.3d 556, 565 (6th Cir. 2016).

## Preliminary Matters

Plaintiff's complaint is not properly verified, as he has interjected the limitations that the allegations are made on information and belief. (*See* Compl. at 16, ECF No. 1 at PageID.20). "[S]tatements made on belief or on information and belief, cannot be utilized on a summary-judgment motion." *Ondo v. City of Cleveland*, 795 F.3d 597, 605 (6th Cir. 2015) (citation and quotation omitted). Accordingly, plaintiff's complaint will not be considered as his affidavit in opposition to defendant's motion. *See, e.g., Brown v. City of Grand Rapids*, No. 1:13-cv-964, 2016 WL 4920144, at *3 n.3 (W.D. Mich. June 13, 2016); *Naumovski v. Federal Nat'l Mort. Ass'n*, No. 15-11466, 2016 WL 949220, at *2 (E.D. Mich. Mar. 14, 2016).

Plaintiff's "affidavits" suffer from the same deficiency because he has added limitations that his statements "are true to the best of [his] personal knowledge information and belief." (ECF No. 96, PageID.576; ECF No. 99, PageID.611). These documents do not satisfy the requirements for an affidavit or unsworn declaration under 28 U.S.C. § 1746. Affidavits and declarations filed in support of or in opposition to a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." FED. R. CIV. P. 56(c)(4); *see Smith v. Alford*, No. 1:13-cv-694, 2015 WL 6159397, at *3 (W.D. Mich. Oct. 20, 2015) ("Statements in an affidavit made upon information and belief have no probative value and may not be considered in a motion for summary judgment.") (citation and quotation omitted). Neither document provides an unambiguous statement under penalty of perjury that "the foregoing is true and correct." 28 U.S.C. § 1746(2). Because plaintiff did not follow the stringent statutory requirements, the documents are not declarations which can be used as a substitute for an affidavit under § 1746(2). *See Hardy v. Gauderer*, No. 1:16-cv-1130, 2018 WL 1477150, at *4 (W.D. Mich. Mar. 5, 2018).

-

"Verified" arguments and legal conclusions are not evidence. Legal conclusions, whether asserted in an affidavit or verified complaint, do not suffice to create a genuine issue of material fact for trial. *See Medison Am. Inc. v. Preferred Med. Sys., LLC*, 357 F. App'x 656, 662 (6th Cir. 2009); *Simmons v. Rogers*, No. 1:14-cv-1242, 2017 WL 1179376, at *1 (W.D. Mich. Mar. 30, 2017). "Arguments in parties' briefs are not evidence." *Duha v. Agrium, Inc.*, 448 F.3d 867, 879 (6th Cir. 2006).

## Proposed Findings of Fact

The following facts are beyond genuine issue. Plaintiff is an inmate in the custody of the Michigan Department of Corrections (MDOC). In December 2015, he was an inmate at the Oaks Correctional Facility (ECF). (Gainer Aff. ¶ 4, ECF No. 83-2, PageID.431).

Food Service Supervisor Simon Vasquez was an employee of Trinity Services Group, Inc., (Trinity) during the period at issue. Trinity is a private company providing food services to Michigan's inmates pursuant to its contract with the MDOC. (Vasquez Decl. ¶¶ 1-2, ECF No. 79-2, PageID.334-35). On December 20, 2015, Trinity's Food Service Director instructed Mr. Vasquez to call additional inmates into work to cover staff shortages. Mr. Vasquez reviewed timecards and identified five inmate line workers. (*Id.* at ¶ 8, PageID.337; ECF No. 94-1, PageID.565).

Mr. Vasquez asked Corrections Officer Mitchell Gainer "call in" the five inmates. (Vasquez Decl. ¶ 8, ECF No. 79-2, PageID.337). Officer Gainer's job duties include the safety and security of ECF's food service building, ensuring that inmates

reported for their food service work assignments and performing institutional formal prisoner counts. (Gainer Aff. ¶¶ 1, 5, ECF No. 83-2, PageID.430-31). Officer Gainer had no control or input as to the inmates selected to work the mandatory call in shift. It was Officer Gainer's role to notify housing units and have the prisoners sent to food service for work. Prisoners are required to perform work assignments if called in to work on a scheduled day off. (*Id.* at ¶¶5-9, PageID.431; P.D. 05.02.110 ¶D, ECF No. 83-3, PageID.435).

Three of the five inmates, including two inmates who had just finished the morning shift, agreed to work without incident. One inmate was excused from work for medical reasons. Plaintiff was the only inmate who refused to work. (Vasquez Decl. ¶ 8, ECF No. 79-2, PageID.337).

Plaintiff received notice that he needed to report for his food service work assignment. When plaintiff arrived at the kitchen he was not wearing the proper work attire and he was in possession of personal items. Plaintiff began to argue with Food Service Supervisor Vasquez about being called into work on his day off. Officer Gainer informed plaintiff that food service was short-staffed and that Trinity's staff had the authority to call in workers and that he was required to work. Officer Gainer gave plaintiff a direct order to return to his housing unit, get rid of his personal items, switch into his state shoes, and to return to food service for his work assignment. Plaintiff refused. He exited food service and did not return. (Vasquez Decl. ¶ 9, ECF No. 79-2, PageID.337; Gainer Aff. ¶¶ 11-15, PageID.431-32).

Officer Gainer charged plaintiff with the Class II minor misconduct for disobeying a direct order. (ECF No. 83-5, PageID.447; ECF No. 97-1, PageID.597). Mr. Vasquez submitted a negative work evaluation and recommended that plaintiff's work assignment be terminated if he was found guilty of the misconduct charge. (Vasquez Decl. ¶ 9, ECF No. 79-2, PageID.337-38). On December 23, 2015, plaintiff received a hearing on the misconduct charge. The hearing officer found that plaintiff heard the direct order and failed to follow it. He found plaintiff guilty of the misconduct and sentenced plaintiff to loss of privileges for five days. (ECF No. 83-5, PageID.446; ECF No. 97-1, PageID.598). A MDOC classification officer terminated plaintiff's work assignment. (Vasquez Decl. ¶ 9, ECF No. 79-2, PageID.337).

Officer Gainer issued the misconduct ticket against plaintiff because plaintiff disobeyed a direct order. He did not issue the misconduct ticket against plaintiff because he filed grievances or complaints about Trinity's staff. He would have issued the same misconduct charge against plaintiff if he had not engaged in protected conduct. He did not conspire with Food Service Supervisor Vasquez to terminate plaintiff from his prison work assignment. (Vasquez Decl. ¶ 10, ECF No. 79-2, PageID.338; Gainer Aff. ¶¶ 16-19, ECF No. 83-2, PageID.432).

Mr. Vasquez was not aware that plaintiff had filed any grievance against him until after plaintiff filed this lawsuit. (Vasquez Decl. ¶¶ 10, 11, ECF No. 79-2, PageID.338; ECF No. 94-1, PageID.555-57).

Plaintiff was called into work on December 20, 2015, solely because Trinity's Food Service Director had instructed Food Service Supervisor Vasquez to call

additional inmates in to work to cover a staffing shortage. Plaintiff's poor work evaluation stemmed from his refusal to work and the misconduct charge for disobeying a direct order. (Vasquez Decl. ¶¶ 10, 11, ECF No. 79-2, PageID.338).

**Discussion**

I.  **First Amendment Retaliation Claims**

Plaintiff alleges that defendants retaliated against him in violation of his First Amendment rights. "First Amendment rights, like many other rights, are circumscribed in the prison setting." *Thaddeus-X v. Blatter*, 175 F.3d 378, 390 (6th Cir. 1999) (*en banc*). "A prisoner retains only those First Amendment rights that are not 'inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system.'" *Spencer v. Snyder*, No. 1:17-cv-99, 2017 WL 762404, at *2 (W.D. Mich. Feb. 28, 2017) (quoting *Pell v. Procunier*, 417 U.S. 817, 822 (1974)).

In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X,* 175 F.3d at 394. "After a plaintiff shows that his protected conduct was a motivating factor in the defendant's action, the defendant may thwart a retaliation claim by showing that he or she would have taken the same action even without the protected activity." *Thomas v. Eby*, 481 F.3d 434, 441-42 (6th Cir. 2007). Upon review, the I find that plaintiff has not presented sufficient evidence to withstand defendants' motions for summary judgment.

-8-

A. Protected Conduct

Prisoners have a First Amendment right to file non-frivolous grievances. *See Maben v. Thelen*, 887 F.3d 252, 264 (6th Cir. 2018). Officer Gainer does not claim entitlement to summary judgment based on the protected conduct element.

Defendant Vasquez offers a passing argument regarding protected conduct. He states that plaintiff's grievances were not protected conduct because the grievances were rejected for raising non-grievable issues. (Vasquez Brief at 8, ECF No. 78, PageID.317). Defendant offers no legal authority to support this contention. (*See id.*). His contention that he was unaware of plaintiff's grievances goes to the causation element rather than the protected conduct element.

B. Adverse Action

An adverse action is one that would "deter a person of ordinary firmness from the exercise of the right at stake." *Thaddeus-X*, 175 F.3d at 396; *see Maben v. Thelen*, 887 F.3d at 266. Officer Gainer does not claim entitlement to summary judgment based on the protected conduct element.

Loss of a prison work assignment, depending on the circumstances, can be a sufficiently adverse action. *See Siggers-El v. Barlow*, 412 F.3d 693, 699-704 (6th Cir. 2005). Defendant Vasquez's argument on the adverse action element focuses on the fact that plaintiff does not have any constitutionally protected right to a prison work assignment.[1]  (Vasquez Brief at 9, ECF No. 78, PageID.318). Defendant Vasquez's

---

[1] Prisoners do not have a constitutionally protected liberty interest in prison vocational, rehabilitation, employment, and educational programs. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (Due Process Clause not implicated by prisoner

argument flies in the face of binding Sixth Circuit precedent. *See Hill v. Lappin*, 630 F.3d 468, 473 (6th Cir. 2010) ("Where the district court's analysis went astray ... was in focusing on the wrong constitutional right; i.e., the nonexistent right to [prison employment] versus the existing right to avoid retaliation for exercising the First Amendment right to file grievances against prison officials."); *see also Walton v. Gray*, 695 F. App'x 144, 146 (6th Cir. 2017) (finding that the district court committed reversible error where its adverse action analysis focused on the nonexistent right to prison employment).

### C. Causation

On summary judgment, the causation element is analyzed under the burden-shifting framework articulated in *Mount Healthy City School District Board of Education v. Doyle*, 429 U.S. 274 (1977). *See Thomas v. Eby*, 481 F.3d at 441. Plaintiff must show that his protected conduct was a motivating factor in defendant's action. *Id.* Plaintiff has not satisfied his burden. Defendant Vasquez has shown that he was not aware of plaintiff's protected conduct, and plaintiff has offered no evidence to rebut Mr. Vasquez's testimony. Further, even if plaintiff had demonstrated that his protected conduct was a motivating factor in each defendant's actions, defendants would be entitled to summary judgment because they have "demonstrate[d] that they "would have taken the same action even without the protected activity." *Thomas v.*

---

classification and eligibility for rehabilitative programs, even where inmate suffers "grievous loss"); *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989) (no constitutional right to prison employment); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) ("[N]o prisoner has a constitutional right to a particular job or to any job").

*Eby*, 481 F.3d at 441-42. Accordingly, I recommend that defendants' motions for summary judgment be granted on plaintiff's retaliation claims.

## II. Conspiracy

" 'A civil conspiracy is an agreement between two or more persons to injure another by unlawful action.' " *Hensley v. Gassman*, 693 F.3d 681, 695 (6th Cir. 2012) (quoting *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985)). A plaintiff must show that there was a single plan, that the coconspirators shared in the objective of the conspiracy, violating the plaintiff's constitutional rights, and that an overt act was committed in furtherance of the conspiracy. Conjecture and speculation that an agreement existed do not suffice. *See Moore v. City of Paducah*, 890 F.2d 831, 834 (6th Cir. 1989). Absent an unlawful action causing injury, a plaintiff cannot prove the elements required to support a claim for conspiracy. *See Farhat v. Jopke*, 370 F.3d 580, 599 (6th Cir. 2004).

Because plaintiff did not present evidence sufficient to support his First Amendment retaliation claims, he cannot sustain conspiracy claims against defendants. *See Graham v. City of Mentor*, 118 F. App'x 27, 32 (6th Cir. 2004) (affirming dismissal of conspiracy claims where plaintiffs failed to show viable underlying retaliation claim). I find that plaintiff has not presented evidence on which a reasonable trier of fact could find in his favor on conspiracy claims against defendants.

### III.  Qualified Immunity

I find that qualified immunity does not provide an additional basis for granting Officer Gainer's motion for summary judgment.  He provides a general discussion of qualified immunity standards with no developed argument why he is entitled to it. (*See* Gainer Brief at 8-10, ECF No. 83, PageID.425-27).  A "defendant bears the initial burden of coming forward with facts to suggest that he acted within the scope of his discretionary authority during the incident in question." *Gardenhire v. Schubert*, 205 F.3d 303, 311 (6th Cir. 2000).

### Recommended Disposition

For the foregoing reasons, I recommend that the Court grant defendants' motions for summary judgment (ECF No. 77, 82) and enter a judgment in defendants' favor on all plaintiff's claims.


Dated:  August 30, 2018              /s/  Phillip J. Green              
                                     PHILLIP J. GREEN
                                     United States Magistrate Judge


### NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).