UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LONNIE L. PARKER, JR.,

    Plaintiff,

v.

SIMON VASQUEZ, *et al.*,

    Defendants.
_____/

CASE NO. 1:16-CV-450

HON. ROBERT J. JONKER

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Green's Report and Recommendation in this matter (ECF No. 114) and Plaintiff's Objections (ECF No. 115). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE, § 3070.2, at 451 (3d ed. 2014). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's Objections. The Court finds the Magistrate

Judge's Report and Recommendation, which recommends granting the defense motions for summary judgment (ECF Nos. 77, 82), factually sound and legally correct.[1]

The Magistrate Judge carefully and thoroughly considered the evidentiary record, the parties' arguments, and the governing law. The Report and Recommendation credits Plaintiff on the first two elements of a First Amendment retaliation claim and finds that the claim falters on the element of causation. Plaintiff's only objection is that the Court should consider his complaint and affidavit even though neither satisfies the legal requirements for verification, affidavit, or unsworn declaration under 28 U.S.C. § 1746. Both sides are bound by the same rules, and on summary judgment, the Court may consider only the statements, affidavits and other information permitted by the rules. The summary judgment record does not permit a reasonable fact-finder to find in favor of the Plaintiff on the element of causation. Defendants are entitled to summary judgment in their favor, for the very reasons detailed in the Report and Recommendation.

**ACCORDINGLY, IT IS ORDERED**:

1. The Report and Recommendation of the Magistrate Judge (ECF No. 114), with the clarification that the Court is making no factual finding, is **APPROVED AND ADOPTED** as the opinion of the Court.

2. Defendants' Motions for Summary Judgment (ECF Nos. 77, 82) are **GRANTED**.

3. Plaintiff's claims against Defendants Vasquez and Gainer are **DISMISSED WITH PREJUDICE**.

4. For the same reasons that the Court dismisses Plaintiff's claims, the Court discerns no good-faith basis for an appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v.*

---

[1] The Report and Recommendation contains the heading "proposed findings of fact," but the Court is making no factual finding.

*Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007)).


Dated:     September 26, 2018              /s/ Robert J. Jonker
                                           ROBERT J. JONKER
                                           CHIEF UNITED STATES DISTRICT JUDGE