UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

LONNIE L. PARKER, JR., # 200008,   )
                                       )
       Plaintiff,   )
                                       )   Case No. 1:16-cv-450
v.   )
                                       )   Honorable Robert J. Jonker
SIMON VASQUEZ, et al.,   )
                                     )
      Defendants.   )
_____)

**REPORT AND RECOMMENDATION**

     This was a civil rights action brought *pro se* by a state prisoner under 42 U.S.C. § 1983. The lawsuit arose out of conditions of plaintiff's confinement on December 20, 2015, at the Oaks Correctional Facility. Plaintiff named Food Service Supervisor Simon Vasquez and Corrections Officer Mitchell Gainer as defendants. Plaintiff alleged that defendants retaliated against him in violation of his First Amendment rights. He alleged that Food Service Supervisor Vasquez retaliated against him by recommending that his work assignment be terminated. He alleged that Officer Gainer retaliated against him by filing a misconduct charge against him for disobeying a direct order. Plaintiff alleged that the defendants conspired to have his work assignment terminated.

     On September 26, 2018, the Court overruled plaintiff's objections, approved and adopted a report and recommendation, and entered a judgment in defendants' favor on all plaintiff's claims. (ECF No. 116-17).

The matter is now before the Court on plaintiff's motion for leave to amend both his complaint and the affidavits that he filed in opposition to defendants' motions for summary judgment.[1]  (ECF No. 118).  Plaintiff seeks leave to amend these documents to correct mistakes by removing the "information and belief" limitations, and by making clear that his statements were made under penalty of perjury.  (*Id.* at PageID.693-94; ECF No. 119, PageID.699-702).

This case is closed.  (ECF No. 117).  No relief is possible absent plaintiff first obtaining relief from the Court's judgment.  *See Leisure Caviar, LLC v. United States Fish & Wildlife Service*, 616 F.3d 612, 616 (6th Cir. 2010).  Plaintiff's motion is considered as a Rule 60(b)(6) motion for relief from judgment because it does not fit within any other category under Rule 60(b).  *See* FED. R. CIV. P. 60(b).  Rule 60(b)(6) "is a 'catchall provision' providing relief from a final judgment for any reason not otherwise captured in Rule 60(b)."  *Miller v. Mays*, 879 F.3d 691, 698 (6th Cir. 2018).  "Rule 60(b)(6) applies only in exceptional or extraordinary circumstances where principles of equity mandate relief[.]"  *Id.*  (citations and quotations omitted).

I recommend that plaintiff's motion for relief from judgment (ECF No. 118) be denied because plaintiff's motion does not present exceptional or extraordinary circumstances where equity principles mandate relief.  Further, even assuming that

---

[1] Plaintiff offers no explanation why he waited so long after the August 30, 2018, report and recommendation to file this motion.  On September 14, 2018, plaintiff objected to the report and recommendation on the ground that he was proceeding *pro se* and that he should not be held to the same standard as counsel.  (ECF No. 115, PageID.685).  The Court overruled plaintiff's objection, noting that on summary judgment, "[b]oth sides are bound by the same rules[.]"  (ECF No. 116, PageID.689).

-2-

the Court allowed plaintiff to supplement the summary judgment evidence and the Court considered the facts in the expanded record in the light most favorable to plaintiff under Rule 56 standards, defendants would still be entitled to judgment in their favor as a matter of law on all plaintiff's claims.

## Facts

Plaintiff is an inmate held in the custody of the Michigan Department of Corrections (MDOC). In December 2015, he was an inmate at the Oaks Correctional Facility (ECF). (Compl. ¶ 1, ECF No. 1, PageID.5).

Food Service Supervisor Simon Vasquez was an employee of Trinity Services Group, Inc., (Trinity) during the period at issue. Trinity was a private company providing food services to ECF inmates pursuant to its contract with the MDOC. (Compl. ¶ 2, PageID.5; Plf. Aff. ¶ 1, ECF No. 96, PageID.570; Vasquez Decl. ¶¶ 1-2, ECF No. 79-2, PageID.334-35).

Corrections Officer Mitchell Gainer is an MDOC employee. He was regularly assigned to ECF's food service area during the period at issue. His job duties included the safety and security of ECF's food service building, and ensuring that inmate workers reported to their food service detail assignments. (Compl. ¶¶ 3, 7, PageID.5-6; Plf. Aff. ¶ 1, ECF No. 99, PageID.605; Gainer Aff. ¶ 5, ECF No. 83-2, PageID.431).

On September 1, 2015, plaintiff began working in food service and Mr. Vasquez was his supervisor. Plaintiff states that he studied food service and beverage management at Baker College and that he has an extensive history of food service work. Plaintiff complained to Mr. Vasquez's supervisor that he was committing

various health and food safety violations.  Plaintiff also complained that corrections officers were being "overserved" with extra food portions.  (Compl. ¶¶ 8-46, PageID.6-12).

In October 2015, plaintiff filed grievances against Food Service Supervisor Vasquez.  (ECF No. 97-1, PageID.590-92).  Plaintiff states that Mr. Vasquez told corrections officers about his grievance, claiming that officers were being overserved pizza and French fries.[2]  (Compl. ¶¶ 31, 34, PageID.10).

On December 2, 2015, Mr. Vasquez accused plaintiff of overserving cake portions.  Plaintiff did not receive any sanctions, but he was moved to another shift to limit his interaction with Mr. Vasquez.  (Compl. ¶¶ 44-49, PageID.12-13).

Plaintiff indicates that, on or about December 17, 2015, he had a conversation with Officer Gainer in which the officer stated:  "You should have thought of that before writing all of those damn grievances[.]"  (Compl. ¶ 51, PageID.13).  Plaintiff also states that Officer Gainer threatened to make his life hell and ordered plaintiff "to do a variety of task[s] that were not plaintiff's responsibility."  (*Id.* at ¶ 55-56, PageID.14).

Plaintiff was not scheduled to work on Sunday, December 20, 2015.  (Compl. ¶ 60, PageID.15; ECF No. 97-1, PageID.594).  On that date, Trinity's Food Service

---

[2] Although plaintiff's affidavit in response to defendant Vasquez's motion for summary judgment fails to directly address Mr. Vasquez's statement that he did not know about plaintiff's grievances until after he filed this lawsuit (Vasquez Decl. ¶ 10, PageID.338), an inference drawn in plaintiff's favor is that Mr. Vasquez could not have informed corrections officers about plaintiff's grievance without knowing about it.

Director instructed Mr. Vasquez to call additional inmates into work to cover staff shortages. Mr. Vasquez reviewed timecards and identified five inmate line workers. Mr. Vasquez asked that Corrections Officer Mitchell Gainer "call in" these prisoners. (Vasquez Decl. ¶ 8, PageID.337). Three of the five inmates, including two inmates who had just finished the morning shift, agreed to work without incident. One inmate was excused from work for medical reasons. Plaintiff was the only inmate who refused to work. (Vasquez Decl. ¶ 8, ECF No. 79-2, PageID.337). Plaintiff states that prisoner volunteers should have been located rather than calling him into work. (Plf. Aff. ¶¶ 20-23, 33, ECF No. 96, PageID.575-76).

Officer Gainer had no control or input as to the inmates selected to work the mandatory call in shift. It was Officer Gainer's role to notify housing units and have the prisoners sent to food service for work. (Gainer Aff. ¶¶ 5-8, PageID.431). Under MDOC Policy Directive 05.02.110 ¶ D, prisoners are required to perform work assignments if called in to work on a scheduled day off.[3] (ECF No. 83-3, PageID.435).

According to plaintiff, when he arrived at work on December 20, 2015, Mr. Vasquez stated: "I can't believe they (classification) sent you back. I got something for that. You're serving chicken." (Compl. ¶ 67, PageID.15). Plaintiff states that Mr.

---

[3] Plaintiff's affidavit contains arguments that requiring him to work on December 20, 2015, violated "established protocol" and the "warden's guidelines," (Plf. Aff. ¶¶ 20-21, ECF No. 96, PageID.574), but he failed to support his arguments with copies of the purported guidelines and protocol. "Verified" arguments and legal conclusions are not evidence. Legal conclusions, whether asserted in an affidavit or verified complaint, do not suffice to create a genuine issue of material fact for trial. *See Medison Am. Inc. v. Preferred Med. Sys., LLC*, 357 F. App'x. 656, 662 (6th Cir. 2009); *Simmons v. Rogers*, No. 1:14-cv-1242, 2017 WL 1179376, at *1 (W.D. Mich. Mar. 30, 2017).

Vasquez laughed and the stated: "You remember what happen[ed] the last time you worked with me don't you?" (*Id.* at ¶ 68, PageID.15). Plaintiff interpreted this as an indication that he would be "set up" and fired, "so [he] explained that he didn't feel well and also had legal matters to address and couldn't work." (*Id.* at ¶ 69, PageID.15).

Plaintiff told Mr. Vasquez that he had been moved to another shift to avoid potential problems and he refused to work. (Vasquez Decl. ¶ 9, PageID.33; Plf. Aff. ¶ 25, ECF No. 96, PageID.574). Officer Gainer informed plaintiff that he had to work. (Gainer Aff. ¶ 12-13, PageID.432). According to plaintiff, Officer Gainer told him that he would be fired whether he worked or not. (Compl. ¶ 72, PageID.16; Plf. Aff. ¶ 24, ECF No. 99, PageID.608-09).

Officer Gainer gave plaintiff a direct order and plaintiff refused to follow it. Plaintiff left the food service building and did not return to work. (Compl. ¶ 74, PageID.16; Gainer Aff. ¶¶ 13-15, PageID.432; Plf. Aff. ¶¶ 30-33, ECF No. 99, PageID.609-10). Officer Gainer issued a Class II misconduct ticket against plaintiff for disobeying a direct order and gave the following description of plaintiff's violation of prison rules:

> On 12/20/15 at 1510 hours prisoner Parker 200008 6-240-Upper reported to food service for his detailed assignment. Prisoner Parker started questioning and arguing with me about working on his day off. I stated, "Prisoner Parker Trinity staff calls in their workers. If you are called in on your day off you are required to work. I am giving you a direct order to go back to your housing unit get rid of your ink pen and other personal items you have on you and switch into your state shoes and return to food service for your detailed assignment." Prisoner Parker stated, "I'm not working write the [disobeying direct order] DDO [ticket]. Here is your chance to get rid of me out of here [sic]. I am not

>  working write the ticket." Prisoner Parker did not comply with the order as it was given and left the food service building and did not return to work.

(ECF No. 83-5, PageID.447; ECF No. 97-1, PageID.597).

On December 29, 2015, plaintiff received a hearing on the misconduct charge. The hearing officer found plaintiff guilty of the charge and plaintiff lost privileges for five days. (ECF No. 83-5, PageID.446; EFC No. 97-1, PageID.598). An MDOC Classification's Officer terminated plaintiff's food service work assignment. (Vasquez Decl. ¶¶ 9-11, PageID.337-38; Gainer Aff. ¶ 17, PageID.432; ECF No. 83-5, PageID.446; Plf. Aff. ¶¶ 27-29, ECF No. 96, PageID.575; Plf. Aff. ¶¶ 32-36, ECF No. 99, PageID.610).

Officer Gainer states that he did not issue the minor misconduct ticket against plaintiff because he filed grievances or complaints about Trinity's staff. He would have issued the same misconduct charge against plaintiff if he had not engaged in protected conduct. He did not conspire with Food Service Supervisor Vasquez to terminate plaintiff from his prison work assignment. (Gainer Aff. ¶¶ 16-19, PageID.432). Plaintiff's poor work evaluation stemmed from his refusal to work and the misconduct charge for disobeying a direct order. (Vasquez Decl. ¶¶ 10-11, PageID.338).

Plaintiff states that, at some unspecified time after he was found guilty of the misconduct charge, Officer Gainer related that it was nothing personal, he was "just [] having his friend[] (Vasquez['s]) back." (Compl. ¶ 78, PageID.17). Further, plaintiff now believes that he had the right to disobey Officer Gainer's order because he felt threatened. (Plf. Aff. ¶¶ 31-33, ECF No. 99, PageID.610). The December 23, 2015,

hearing report shows that feeling threatened was not among the justifications that plaintiff gave for disobeying the direct order. (ECF No. 83-5, PageID.446).

## Discussion

In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X v. Blatter,* 175 F.3d 378, 394 (6th Cir. 1999) (*en banc*). "After a plaintiff shows that his protected conduct was a motivating factor in the defendant's action, the defendant may thwart a retaliation claim by showing that he or she would have taken the same action even without the protected activity." *Thomas v. Eby*, 481 F.3d 434, 441-42 (6th Cir. 2007).

### A.  Protected Conduct

Prisoners have a First Amendment right to file non-frivolous grievances. *See Maben v. Thelen*, 887 F.3d 252, 264 (6th Cir. 2018). Officer Gainer did not claim entitlement to summary judgment based on the protected conduct element.[4] Defendant Vasquez cited no authority supporting his argument that grievances rejected for raising non-grievable issues were not protected conduct.

---

[4] Disobeying a direct order is a violation of prison rules and it is not considered protected conduct. *See Lockett v. Suardini*, 526 F.3d 866, 874 (6th Cir. 2008); *see also Lewis v. Grabowski*, 18-cv-13530, 2019 WL 861142, at*2 (E.D. Mich. Feb. 22, 2019) ("A prisoner's behavior in violation of prison rules . . . is not 'protected conduct' under the First Amendment.").

B.  <u>Adverse Action</u>

An adverse action is one that would "deter a person of ordinary firmness from the exercise of the right at stake." *Thaddeus-X*, 175 F.3d at 396; *see Maben v. Thelen*, 887 F.3d at 266. Officer Gainer did not claim entitlement to summary judgment based on the protected conduct element. Defendant Vasquez's argument on the adverse action element erroneously focused on the fact that plaintiff does not have any constitutionally protected right to a prison work assignment. *See Hill v. Lappin*, 630 F.3d 468, 473 (6th Cir. 2010) ("Where the district court's analysis went astray ... was in focusing on the wrong constitutional right; i.e., the nonexistent right to [prison employment] versus the existing right to avoid retaliation for exercising the First Amendment right to file grievances against prison officials."); *see also Walton v. Gray*, 695 F. App'x 144, 146 (6th Cir. 2017) (finding that the district court committed reversible error where its adverse action analysis focused on the nonexistent right to prison employment).

C.  <u>Causation</u>

The causation element remains the key to determining whether plaintiff's claims survive defendants' motions for summary judgment. The causation element is analyzed under the burden-shifting framework articulated in *Mount Healthy City School District Board of Education v. Doyle*, 429 U.S. 274 (1977). *See Thomas v. Eby*, 481 F.3d at 441. Plaintiff has now presented evidence, which if believed by the trier of fact, could support findings that defendants' adverse actions were motivated, at least in part, by the protected conduct.

-

Nevertheless, defendants remain entitled to summary judgment. It is undisputed that plaintiff refused to comply with a direct order and that he refused to perform his work assignment. Defendants have demonstrated that they "would have taken the same action[s] even without the protected activity," and plaintiff has failed to meet his burden of proffering evidence sufficient to create a triable issue of fact.[5] *Thomas v. Eby*, 481 F.3d at 441-42. Accordingly, I recommend that plaintiff's Rule 60(b) motion for relief from judgment be denied.

### Recommended Disposition

For the foregoing reasons, I recommend that the Court deny plaintiff's motion for relief from judgment (ECF No. 118).

Dated: March 14, 2019         /s/ Phillip J. Green
                                                                                    PHILLIP J. GREEN
                                                                                     United States Magistrate Judge

### NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).

---

[5] Because plaintiff did not present evidence sufficient to support his First Amendment retaliation claims, he cannot sustain conspiracy claims against defendants. *See Graham v. City of Mentor*, 118 F. App'x 27, 32 (6th Cir. 2004) (affirming dismissal of conspiracy claims where plaintiffs failed to show viable underlying retaliation claim).